Fitzgerald & Associates, PC
Nicholas Fitzgerald Esq. NF/6129
649 Newark Avenue
Jersey City, NJ 07306-2303
(201) 533-1100
Email:  nickfitz.law@gmail.com
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY -- NEWARK
-----------------------------------X
In re:                              Chapter 13

Nuzhet Khan
                                    Case No. 24-13523-TBA
                                    Conf. Hearing Date: 11/19/24
                                         Time: 8:30 a.m.


-----------------------------------X

### ATTORNEY'S RESPONSE TO SECURED CREDITOR'S [MORTGAGEE'S] OBJECTION TO CONFIRMATION OF DEBTOR'S MODIFIED CHAPTER 13 PLAN

I, Nicholas Fitzgerald, the above named debtor's counsel, hereby responds to the mortgagee's objection to the confirmation of the debtor's modified Chapter 13 plan as explained below.

The debtor's Chapter 13 case was filed on April 5, 2024. Originally the debtor had filed a payment plan to enable the debtor to cure her mortgage arrears over 60 months.

The debtor, a brilliant woman, who in the past had been earning in the six figures, has a Ph.d in the area of computer engineering and when we filed her case we had expected that she would obtain a job.  That didn't work out for her because the employment market in her area of expertise is now very soft.

Because the debtor was not able to obtain employment, we have modified her plan to make it a "list and sell" plan.

The debtor has equity in her home.

To date the debtor has paid $57,606.00 to the Chapter 13 trustee with $51,939.24 having been paid to date through the plan to the debtor's mortgagee. The debtor has also been maintaining her post-petition mortgage payments which are in the amount of about $3,558 per month. Accordingly, from April 5, 2024, the date the debtor filed her Chapter 13 bankruptcy case, approximately **$100,000** was paid to by debtor to her mortgagee.

There is equity in the debtor's home and the mortgagee's statement that "Any equity in the property is meaningless unless the property is sold" misses the point. The point regarding the equity in the debtor's home is that the debtor's mortgagee is adequately protected -- if the debtor is not able to sell her home, the equity in the debtor's home totally protects the mortgagee's claim.

The debtor had listed her home for sale with a real estate broker but that listing agreement expired. We agree that the debtor must re-list her home for sale with a real estate broker.

Thus, we agree that the debtor must list her home for sale with a real estate broker and that the debtor must expeditiously find a buyer for her home. However, giving the debtor only 3 to 4 months to sell her home might not be enough time to enable the debtor to find a buyer.

Since there is equity in the debtor's home providing adequate protection to the mortgagee, giving the debtor 12 months from the date of the confirmation of her modified plan to sell her house is a reasonable time frame.

Dated: November 14, 2025

_____
Nicholas Fitzgerald
Debtor's Counsel

Page 2

**Exhibit -- Copy of Mortgagee's Objection to
Confirmation Filed November 12, 2025**

Stuart H. West, Esquire
**PLUESE, BECKER, SALTZMAN & THOMAS, LLC**
SW8474
20000 Horizon Way, Suite 900
Mount Laurel, NJ 08054-4318
telephone: 856-813-1700
telecopier: 856-813-1720
email: swest@pbslaw.org
**Attorneys for the Mortgagee**
File No. 117860B

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

In re: NUZHET KHAN

**DEBTOR**

CASE NO. 24-13523-TBA

CHAPTER 13

HEARING DATE: November 19, 2025

**OBJECTION TO CONFIRMATION OF MODIFIED PLAN**

Mortgagee, Garden State Prominent Realty, LLC, by and through counsel, Pluese, Becker, Saltzman & Thomas, LLC hereby tenders Objection to Confirmation of Debtor's Plan herein upon one or more of the following grounds as applicable:

1. The Modified Plan is not filed in good faith and is not feasible. There is a pre-Petition arrearage of $176,060.48. The original Plan was a cure and maintain Plan. With proposed Trustee payments of $2,874 for 60 months. The Debtor had no income and the proposed Trustee payments were to come from savings of $8,591 a month. The Debtor now alleges there is still no income and she is living off of savings of $5,422 a month. The Modified Plan proposes Trustee payments of $50 for 12 months and the sale of the subject property by October 31, 2026. This case was filed on April 4, 2024. An Order Granting Debtor's Application to Employ a Real Estate Listing Broker was entered on May 15, 2025. Yet the subject property is still not listed for sale and Debtor is seeking another full year to sell the property. Debtor did not have sufficient

savings to fund the original cure and maintain Plan as claimed. The case is already a year and a half old. The subject property needs to be listed now and sold within the next 3-4 months. Any equity in the subject property is meaningless unless the property is sold.

Respectfully submitted,
Pluese, Becker, Saltzman & Thomas, LLC

By: /s/ Stuart H. West
   Stuart H. West, Esquire
   Attorneys for Garden State Prominent Realty, LLC